IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DONALD R. NEWTON, JR.,<br><br>*Petitioner*,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>*Respondent*. | CIVIL ACTION NO.<br>5:21-cv-00254-TES-CHW |

**ORDER DENYING MOTION FOR LEAVE TO
APPEAL *IN FORMA PAUPERIS***

Before the Court is Petitioner Donald R. Newton Jr.'s Motion for Leave to Appeal *In Forma Pauperis* [Doc. 20]. Petitioner seeks to appeal the Court's Order [Doc. 13] denying his Motion for Return of Property [Doc. 1] and the subsequent Judgment [Doc. 14] dismissing his case.

Pursuant to 28 U.S.C. § 1915(a)(1), a court may authorize an appeal of a civil action or proceeding without prepayment of fees or security therefor if the putative appellant has filed "an affidavit that includes a statement of all assets" and "state[s] the nature of the . . . appeal and [the] affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). If the trial court certifies in writing that the appeal is not taken in good faith, however, such appeal must not be taken *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

"'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id.*; *see also Morris v. Ross*, 663 F.2d 1032, 1033 (11th Cir. 1981). An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). "Arguable means being capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'"). "In deciding whether an [*in forma pauperis*] appeal is frivolous, a district court determines whether there is 'a factual and legal basis, of constitutional dimension, for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925.

The Court has reviewed the statement of issues detailed in Petitioner's Motion and finds his appeal to be frivolous. Petitioner states that he seeks to appeal because "the [C]ourt denied [his] motion due to time restraints when they mailed papers to an outside address when [he] was incarcerated." [Doc. 20, p. 1]. He also states that "the funds that were seized [do] not match the amount that was reported[.]" [*Id.*]. Neither statement raises an issue with arguable merit, and therefore, Plaintiff's appeal cannot be said to have been brought in good faith. Accordingly, the Court **DENIES** Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* [Doc. 20].

If Petitioner wishes to proceed with his appeal, he must pay the entire $505 appellate filing fee. Because Petitioner has stated that he cannot pay the fee immediately, he must pay using the partial payment plan described under 28 U.S.C. § 1915(b). Pursuant to section 1915(b), the prison account custodian where Petitioner is confined shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credits to Petitioner's account (to the extent the balance exceeds $10) until the $505 appellate filing fee has been paid in full. Checks should be made payable to "Clerk, U.S. District Court." The Clerk of Court is **DIRECTED** to send a copy of this Order to the custodian of the prison in which Petitioner is incarcerated.

**SO ORDERED**, this 18th day of November, 2021.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**